## IN THE UNITED STATES DISTRICT COURT
## OF THE EASTERN DISTRICT OF TEXAS
## TEXARKANA DIVISION

| | | |
|---|---|---|
| **CLIFFORD DALE TEFTELLER** | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:12cv30** |
| **COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION** | § | |

### MEMORANDUM ORDER

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The Report of the Magistrate Judge which contains her proposed findings of fact and recommendations for the disposition of such action has been presented for consideration. Plaintiff filed objections to the Report and Recommendation. The Court conducted a *de novo* review of the Magistrate Judge's findings and conclusions.

### PLAINTIFF'S OBJECTIONS

Plaintiff objects to the Magistrate Judge's recommendation that Plaintiff's above-entitled and numbered social security cause of action be affirmed. Specifically, Plaintiff asserts he suffers from a herniated disc at C6-7 with nerve impingement and neck and shoulder pain, and he cannot use his right arm due to chronic pain. According to Plaintiff, the Commissioner addressed whether Plaintiff met Listing 1.02 concerning major joint dysfunction, but failed to address whether he meets Listing 1.04 which concerns spinal disorders, such as herniated discs. Listing 1.04 concerns spinal disorders, such as herniated discs, with:

> Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there

> is involvement of the lower back, positive straight-leg raising test (sitting and supine); or
>
> * * *
>
> Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 1.02, 1.04 (emphasis added).

## DISCUSSION

Because the Administrative Law Judge ("ALJ") found Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments and then moved past step three of the sequential analysis, an argument could be made that the ALJ implicitly found that Plaintiff's impairments did not satisfy the criteria of Section 1.04(A). *Hernandez v. Heckler,* 704 F.2d 857, 860 (5th Cir.1983); *Moore,* 2008 WL 4602732 at *2 n. 5. Although it would have been preferable for the ALJ to have discussed the evidence that he considered immediately following his step-three finding, remand is appropriate only if plaintiff demonstrates that he meets the requirements of Listing 1.04(A). *Smith v. Astrue*, 914 F.Supp.2d 764, 784 (E.D. La. 2012).

In his objections, Plaintiff asserts he has "shown evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss associated with muscle weakness accompanied by sensory and reflect loss," meeting the criteria under Listing 1.04. As noted above, Listing 1.04 requires, in relevant part, a spinal disorder, such as herniated disc, degenerative disc disease or stenosis resulting in compromise of a nerve root with: (1) evidence of nerve root compression characterized by neuro-anatomic pain distribution, limited spinal motion, motor loss with sensory or reflex loss, and if involving the lower back, positive

straight-leg raise tests sitting and supine; (2) spinal arachoiditis manifested by severe burning or painful dysesthesia; or (3) lumbar spinal stenosis causing pseudoclaudication (limping or lameness) established by appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in an inability to ambulate effectively. To demonstrate the required loss of function for a musculoskeletal impairment, the plaintiff must demonstrate either an "inability to ambulate effectively on a sustained basis ..., or the inability to perform fine and gross movements effectively on a sustained basis." *Audler v. Astrue*, 501 F.3d 446, 449 (5th Cir. 2007). .

Although Dr. Forte reported evidence of intervertebral disc disease with right C6 and C7 "nerve root impingement," the evidence does not show Plaintiff had the symptoms of nerve root compression (including motor loss, limitation of motion of the spine, and sensory loss). *Id.* Loss of function required by Section 1.04(A) has not been proven here as Plaintiff has not pointed to evidence demonstrating an inability to ambulate or to perform fine and gross movements effectively for a twelve-month period. Without those required showings, Plaintiff has not proven that his substantial rights have been affected, and any error on the part of the ALJ at step three of the analysis was harmless.

Plaintiff has not met his burden at step 3 to demonstrate that he meets or appears to meet the criteria of Listing 1.04. Substantial evidence therefore supports the ALJ's decision that plaintiff's impairment or combination of impairments did not meet or medically equal the criteria of Listing 1.04. After reviewing the transcript, the briefs of the parties, and the Report and Recommendation, the Court finds Plaintiff's objections are without merit. The Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court. Accordingly,

it is hereby

**ORDERED** that the above-entitled Social Security action is **AFFIRMED**.

**It is SO ORDERED.**

**SIGNED this 19th day of August, 2013.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE